PER CURIAM.
Appellants seek review by appeal of a final judgment rendered by the Civil and Criminal Court of Record of Pinellas County in a landlord and tenant proceeding.
The appellee has moved to dismiss the appeal urging that this Court lacks jurisdiction. Appellee urges that under Section 83.38 F.S.A. jurisdiction of this appeal is properly in the circuit court.
In a memorandum brief filed after argument on the appellee’s motion to dismiss the appellants now state that the district court of appeal has jurisdiction of this cause and ask that we transfer this appeal to the appropriate court.
Because of the apparent confusion over which court has appellate jurisdiction of final judgments in landlord and tenant proceedings we feel it wise to make the following explanation.
Under the existing provisions of Article V of our state constitution final judgments in landlord and tenant proceedings are ap-pealable to the circuit court if entered by a county court, county judge’s court, a small *451 claims court or justice of the peace court. Section 6(3), Article V, Florida Constitution, F.S.A.
Final judgments entered in landlord and tenant proceedings by any trial court not specifically named in Section 6 (3), supra, are appealable to the proper district court of appeal. This includes the judgment under attack here.
The foregoing statements are subject to the exception that any such judgment which determines the validity of a statute or construes a controlling provision of the constitution would be appealable to this court.
We have determined that the ends of justice require that we treat the motion to dismiss as a motion to transfer.
Accordingly, it is ordered that this cause be transferred to the District Court of Appeal, Second District, for consideration and determination.
DREW, C. J., and THORNAL, O’CON-NELL, CALDWELL and ERVIN, JJ., concur.